IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No: 22-cr-299 |
| | : | |
| v. | : | |
| | : | |
| SHAWNDALE CHILCOAT | : | |
| | : | |
| and | : | |
| | : | |
| DONALD CHILCOAT, | : | |
| | : | |
| Defendants. | : | |

**UNITED STATES' OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

The United States, through undersigned counsel, files this response to the motion to dismiss filed by defendants Shawndale Chilcoat and Donald Chilcoat. ECF Nos 37, 38, 39; *see also* ECF Nos. 40, 41.[1] Defendants appear to claim that the Court lacks jurisdiction over them because they did not commit any crimes. Defendants supplemented their motion to dismiss, vaguely asserting fraud, tort, and contract claims. ECF No. 40. For the reasons set forth below, the Government respectfully requests summary denial of the motion.

Defendants filed four documents. First, defendants filed a 150-page document including a document titled, "Lawful Notification Letter of Acceptance of Oath." ECF No. 37 at 2. In this letter, defendants appear to challenge the subject matter jurisdiction of the Court. *Id.* at 3. The defendants also appear to pose several questions to the Court that purportedly relate to questions of due process. *See id.* at 4 (*E.g.*, "The following is to ensure due process: (1) Did Colleen

---

[1] On December 22, 2022, Shawndale Chilcoat filed a motion to dismiss, which was docketed in three entries. ECF Nos. 37, 38, 39. On December 28, 2022, Shawndale Chilcoat filed a document titled "Notice of Special Appearance," ECF No. 40, which included Donald Chilcoat as a signatory to Shawndale Chilcoat's motion to dismiss. As such, we treat the motion to dismiss in its entirety, ECF Nos. 37, 38, 39, 40, as though it were filed by both defendants.

1

Kollar-Kotelly, instruct Steven Kiersch, to enter a plea for Shawndale Chilcoat on September 26, 2022, after Shawndale Chilcoat fired Steve Kiersh on September 14, 2022?"). Defendants appear to have copy and pasted numerous holdings from various jurisdictions pertaining to an array of subjects. *See id.* at 5-7. Defendants also appear to have copied over 140 pages from one or more textbooks that address many topics, such as "Some Facts About Law" and "Codes & Revised Statues." *See id.* at 8-150; *see also id.* at 31 (copying pages from a book titled "General Laws of Minnesota for 1897"); *id.* at 79-150 (copying pages from a book titled "A Treatise on Arrest and False Imprisonment").

Next, defendants filed a "Notice of Special Appearance," claiming to come to the Court "under duress, coercion, and under threat of arrest" pursuant to Ohio state law. ECF No. 38 at 1. Defendants also appear to seek dismissal of this case in this filing. *Id.* at 2. In support, defendants quote in part the Ohio State Constitution, *id.* at 3-9, and cite various cases and books in a section titled "Points of Authority," *id.* at 9-14. As with ECF No. 37, defendants do not appear to include any analysis supporting a motion to dismiss for lack of jurisdiction or provide any basis to challenge the Court's jurisdiction.

Next, in defendants' third filing, ECF No. 39, they file duplicative documents from ECF No. 37 and ECF No. 38. Defendants titled part of this filing as a "motion to dismiss pursuant to 1) lack of subject-matter and 2) lack of personal jurisdiction." ECF No. 39 at 19. Defendants also, again, appear to have cited the Ohio State Constitution in part, *id.* at 20-22, and various pieces of case law and other quoted material, *id.* at 22-28. In a section titled "Motion to Dismiss," defendants seem to argue that they cannot be charged because they "caused no harm or monetary damage." ECF No. 39 at 36. Defendants described their conduct on January 6, admitting to entering the Capitol building and the Senate floor to "force congress to see me and

hear me" because they were "deeply concerned that a fraudulent election was about to be certified." *Id.* at 37. Defendants request that the Court dismiss the charges because "Christmas is coming and my husband would like to get back to work." *Id.* at 39.

Finally, defendants filed a document titled "motion to dismiss," ECF No. 40, that appears to be duplicative of the filing docketed at ECF No. 39. The only notable difference is that ECF No. 40 includes a signature page listing Shawndale Chilcoat's co-defendant, Donald Chilcoat, as a signator. As explained in footnote 1, we construe the motion to dismiss filed by both defendants.

These filings, which we construe together as a motion to dismiss, consist largely of frivolous assertions that do not support any legal basis to dismiss the indictment. The jurisdictional claims are particularly spurious. Defendants ignore 18 U.S.C. § 3231, which vests this Court with jurisdiction over "all offenses against the laws of the United States." Confronted with similar claims by sovereign citizens about the tax system, the Fifth Circuit observed: "we perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit . . . . [Petitioner's argument] is a hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish." *Crain v. Comm'r*, 737 F.2d 1417, 1417-18 (5th Cir. 1984). To the extent that defendants raise other claims grounded in fraud, tort, or contract against third parties or the United States, those claims are similarly frivolous and unsupported and do not warrant dismissal of this lawsuit.

**FACTUAL BACKGROUND**

Defendants are charged via indictment with offenses related to crimes that occurred at the United States Capitol on January 6, 2021. The charges stem from their presence and conduct

outside and inside the Capitol Building, including on the Senate Floor. *See* Complaint and Statement of Facts, ECF No. 1.

While defendants were outside the Capitol Building on restricted grounds, they joined the mob of rioters in climbing through scaffolding up the stairs to reach the Capitol building. Shawndale Chilcoat exclaimed, "I'm so freaking excited. Look! I'm right at the top of the Congress. We're gonna show 'em how they need to vote today!" Defendants yelled things like, "wooo yeah! Break them all!" and "This is awesome!" as they watched rioters break windows to gain entry into the building.

Minutes after rioters broken violently broke through and gained access to the building, defendants entered the Capitol Building through the Parliamentarian's door. From there, defendants made their way through the building, joining a mob of rioters that moved through the hallways of the Capitol building yelling things like, "We're coming for you, Nancy!" Defendants and the mob eventually approached a line of officers forming near the North Appointment Desk, and quickly pushed passed the officers. Defendants then made their way to the Senate Chamber and entered the Senate floor, where members of Congress that had convened to fulfill their Constitutional obligation to certify the electoral college vote had been evacuated as a result of the mob breaking into the building. While on the Senate floor, defendants joined other rioters in taking pictures, and witnessed rioters shuffle through items and documents in Senators' desks and drawers, shouting things like, "Whose house? Our house!"

After January 6, Shawndale Chilcoat stated on social media that they were at the Capitol on January 6 "just trying to stop them from certifying the vote . . . ."

These actions violated federal law and took place at the United States Capitol, federal property.

**ARGUMENT**

The Court should reject and deny defendants' "disconnected, rambling, and nonsensical" motion to dismiss. *Gaskins v. South Carolina*, No. 2:15-CV-2589 DCN, 2015 WL 6464440, at *3 (D.S.C. Oct. 26, 2015). Defendants' motion has many hallmarks of "sovereign citizen" pleadings which, although they superficially cite to legal authority, make no coherent claim addressable by the Court. Courts, including this one, have repeatedly rejected these baseless "sovereign citizen" theories of jurisdiction. *E.g.*, *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status . . . as a 'sovereign citizen,' a 'secured-party creditor, or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should eb rejected summarily, however they are presented.").[2]

### 1. The Court Has Jurisdiction Over Defendants Shawndale Chilcoat and Donald Chilcoat

Defendants seem to argue that the Court has no jurisdiction over them because they did not cause harm or monetary damages, ECF No. 39 at 36; they do not consider what occurred on January 6 to be a riot, *id.*; and their actions were constitutionally protected, *id.* at 39. These

---

[2] *Accord, United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (explaining the defense that "he is a free, sovereign citizen and as such not subject to the jurisdiction of the federal courts . . . has no conceivable validity in American law"); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (holding jurisdictional argument to be "completely without merit" and "patently frivolous" and rejected it "without expending any more of this Court's resources on discussion"); *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993) (stating that the argument that an individual is a sovereign citizen of a state who is not subject to the jurisdiction of the United States and not subject to federal taxing authority is frivolous); *Reed v. Cushwa*, No. 20-CV-3524 (CRC), 2021 WL 2894736, at *2 (D.D.C. June 29, 2021) ("[T]he 'sovereign citizen' theory . . . has been consistently rejected by the federal courts as an utterly frivolous attempt to avoid the statutes, rules, and regulations that apply to all litigants, regardless of how they portray themselves.") (citations omitted); *Gaskins*, 2015 WL 6464440, at *3 ("Even liberally construing the complaint, it is not possible to discern any cause of action, much less any coherent supporting facts. Plaintiff's allegations are disconnected, rambling, and nonsensical.").

5

arguments, and others that cannot be discerned because the motion is largely incomprehensible, are patently frivolous.

Section 3231 of Title 18 states, "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. §3231. Defendants are charged with committing, in the District of Columbia on January 6, 2021, the following federal offenses under Titles 18 and 40 of the United States Code: 18 U.S.C. §§ 1512(a)(2), 2 (Obstruction of an Official Proceeding and Aiding and Abetting); 18 U.S.C. § 1752(a)(l) (Entering and Remaining in a Restricted Building or Grounds); 18 U.S.C. § 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds); 40 U.S.C. § 5104(e)(2)(A) (Entering and Remaining on the Floor of Congress); 40 U.S.C. § 5104(e)(2)(D) (Disorderly Conduct in a Capitol Building); and 40 U.S.C. § 5104(e)(2)(G) (Parading, Demonstrating, or Picketing in any of the Capitol Buildings). Because defendants are charged with criminal offenses under Title 18 and 40, "[n]o more is necessary to establish subject matter jurisdiction." *United States v. Fahnbulleh*, 752 F.3d 470, 476 (D.C. Cir. 2014). "[I]f an indictment or information alleges the violation of a crime set out in Title 18 or in one of the other statutes defining federal crimes, that is the end of the jurisdictional inquiry." *United States v. George*, 676 F.3d 249, 259 (1st Cir.2012) (internal quotation omitted).

To the extent that defendants challenge the Court's personal jurisdiction, that claim similarly fails. "[T]here can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts," and the mere fact that the defendants were within the territory of the United States at the time of the alleged criminal action is "the beginning and the

end of the jurisdictional inquiry." *United States v. Underwood*, 726 F. App'x 945, 948 (4th Cir. 2014).

Accordingly, defendants' motion based on lack of jurisdiction should be denied.

### 2. Defendants' Assertions of Fraud, Contract, and Tort Claims Do Not Warrant Dismissal

Defendants also move to dismiss on a theory of "fraud, contracts, torts." ECF No. 40 at 10. It is unclear against whom defendants try to state these claims, but they have no bearing on the Court's jurisdiction over the case brought against Shawndale and Donald Chilcoat.

Defendants appear to claim that, because Shawndale Chilcoat's court-appointed attorney made efforts to get Shawndale Chilcoat to sign a protective order governing discovery in this case, she was the victim of fraud. *Id.* at 8-9. To the extent that Shawndale Chilcoat has a viable fraud or contract claim against her court-appointed attorney, it does not warrant dismissal of the case brought against her and her co-defendant by the United States.

To the extent defendants attempt to assert a contract claim against the United States, that similarly fails because it must be brought under the Contract Disputes Act. *See* 41 U.S.C. § 71. And to the extent defendants attempt to assert a tort claim against the United States, that claim clearly fails because any claim against the United States for damages in tort must be brought under the Federal Tort Claims Act. *See* 28 U.S.C. §§ 1346, 2674.

Finally, although it is unclear to what extent defendants rely on Ohio state law, to the extent that they do, it is irrelevant here.

The Court has subject matter jurisdiction over this lawsuit, and, as such, the Court should deny the motion to dismiss.

                                                Respectfully submitted,

                                                MATTHEW M. GRAVES
                                                UNITED STATES ATTORNEY
                                                D.C. Bar No. 481052

Date: January 2, 2023                    By:   */s/ Ashley Akers*
                                                Ashley Akers
                                                Trial Attorney
                                                MO Bar No. 69601
                                                Detailed to the U.S. Attorney's Office
                                                601 D Street NW
                                                Washington, DC 20001
                                                (202) 353-0521
                                                AshleyAkers@usdoj.gov

CERTIFICATE OF SERVICE

      On this 2nd day of January, a copy of the foregoing was served on counsel of record for the defendant via the Court's Electronic Filing System.

      By:   */s/ Ashley Akers*
      Ashley Akers
      Trial Attorney
      MO Bar No. 69601
      Detailed to the U.S. Attorney's Office
      601 D Street NW
      Washington, DC 20001
      (202) 353-0521
      AshleyAkers@usdoj.gov