# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>SHAWNDALE CHILCOAT,<br>DONALD CHILCOAT,<br><br>Defendants. | Criminal No.  22-cr-299 (CKK) |

## GOVERNMENT'S PROPOSED PRETRIAL SCHEDULING ORDER

Pursuant to this Court's July 28, 2023 Minute Order, the Government submits this proposed pretrial scheduling order. In response to the Court's order directing the parties to confer on a trial date and to submit a proposed schedule, the parties were unable to reach an agreeable trial schedule. Counsel for defendant Donald Chilcoat initially proposed a June 10, 2024 trial date – **10 months** from now. The government proposed numerous months to find a mutually agreeable trial date within a reasonable time frame, including in December 2023, January 2024, February 2024, March 2024, and April 2024. Even using the earliest of those proposed dates, that would still give the defense five additional months to prepare for trial. However, defense for Donald Chilcoat generally stated that she was unavailable in all of those months and thus proposed submitting a schedule maintaining the June 2024 trial date.

The Government objects to a June 2024 trial date. The Speedy Trial Act and the Sixth Amendment protect not only the defendants' rights, but also the public's strong interest in the efficient administration of justice. *See Barker v. Wingo*, 407 U.S. 514, 519 (1972) ("The right to a speedy trial is generically different from any of the other rights enshrined in the Constitution for the protection of the accused," since "there is a societal interest in providing a speedy trial which exists separate from, and at times in opposition to, the interests of the accused."); *United States v. Bryant*, 523 F.3d 349, 361 (D.C. Cir. 2008) (the Court must "seriously weigh . . . the strong public and private interests served by speedy trials"); *United States v.*

*Gabmino*, 59 F.3d 353, 360 (2d Cir. 1995) ("[T]he public has as great an interest in a prompt criminal trial as has the defendant. Certainly, the public is the loser when a criminal trial is not prosecuted expeditiously, as suggested by the aphorism, 'justice delayed is justice denied.'"). To this end, there is no basis to unnecessarily delay this trial. This case was charged over a year ago – in August 2022. ECF No. 1. Individual discovery has been substantially produced for many months. The defense has not demonstrated good cause for delaying this trial for an additional ten months. This is a straightforward, non-complex trial that should take no longer than a single week to present.

In the interest of finding a solution, the government proposes a pretrial scheduling order for a trial to begin in March 2024. However, the government is prepared to try this case as early as October 2023, and strongly objects to the unjustified, unreasonable, and significant delay proposed by the defense.

Respectfully Submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

_____/s/_____
ASHLEY AKERS
Trial Attorney (Detailed)
MO Bar No. 69601
Ashley.akers@usdoj.gov
(202) 353-0521