**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SHAWNDALE CHILCOAT,<br>Defendant. | Criminal Action No. 22-299-1 (CKK) |

**MEMORANDUM OPINION & ORDER**
(September 1, 2023)

Pending before the Court is Defendant Shawndale Chilcoat's [70] Motion to Vacate, which she submitted *pro se* although currently represented by counsel.

Defendant's Motion is difficult to follow, but the crux of her argument appears to rest on "sovereign citizen" ideology. *See Mells v. Loncon*, No. CV418-296, 2019 WL 1339618, at *2 (S.D. Ga. Feb. 27, 2019) (collecting sovereign citizen cases); *see also Perkinson v. Georgia*, No. 5:19-CV-00113-MTT-CHW, 2019 WL 2583513, at *2 (M.D. Ga. June 24, 2019) ("A so-called 'sovereign citizen' generally relies on the Uniform Commercial Code, admiralty laws, and other commercial statutes to argue that, because he has made no contract with the court or government, neither entity can foist any agreement upon him." (cleaned up)). Although not frequently seen in this jurisdiction, this ideology has been roundly rejected by scores of federal courts. *See Reed v. Cushwa*, 2021 WL 2894736, at *2 (D.D.C. June 29, 2021) (CRC); *see also United States v. Nissen*, 555 F. Supp. 3d 1173, 1202 (D.N.M. 2021) (collecting cases). Sovereign citizen challenges to criminal actions generally center on a confused distinction between a "living" person and a "corporate" or "artificial" person, premised on the mistaken belief that the Fourteenth Amendment creates the latter class of citizenship and releases the former from the jurisdiction of the federal government and the governments of the several States. *See Nissen*, 55

F. Supp. 3d at 1202; Caesar Kalinowski IV, *A Legal Response to the Sovereign Citizen Movement*, 80 Mont. L. Rev. 153, 157–60 (2019).

Defendant Shawndale Chilcoat advances the same sort of theory; for example, in she characterizes herself as "the living woman, creation of God, one of the people of the territory of Ohio, appearing specifically, not generally." Mot. at 1; *see also id.* at 3. At least one federal Court of Appeals has directed the district courts within its Circuit to "reject[] summarily [these arguments], however they are presented." *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011).

The Court shall **DENY** Defendant Shawndale Chilcoat's [70] Motion to Vacate. Defendant begins by claiming that the court does not have jurisdiction and repeatedly states that she does not consent to the proceedings against her. *See* Mot., ECF No. 70, at 2–4. She states that the charges against her are "unconstitutional" and that she "did not do anything." *Id.* at 4. She also discusses presidential pardons, FOIA requests to the FBI, and more. *Id.* at 4–6. It is not entirely clear what Defendant is asking the Court to vacate—the Court presumes she is seeking dismissal of her case. The Court incorporates and makes a part of this opinion its analysis in the previous [44] Memorandum Opinion rejecting Defendant Chilcoat's sovereign citizen theory and, among other discussion, explaining the Court's jurisdiction.

In a separate Minute Order, the Court addressed Shawndale Chilcoat's concerns about proceeding via a "remote hearing" that were articulated in her [70] Motion. *See* Minute Order, Sept. 1, 2023. The Court converted the status hearing on September 5, 2023 from Zoom videoconference to in person. *Id.*

For the foregoing reasons, the Court **ORDERS** that Defendant's Motion to Vacate is hereby **DENIED**.

**SO ORDERED.**

*The Clerk of Court is instructed to send a copy of this Memorandum Opinion and Order overnight to Defendant's address of record.*

Dated: September 1, 2023

                                                COLLEEN KOLLAR-KOTELLY
                                                United States District Judge