<pre>
 1                    IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF COLUMBIA
 2


 3


 4        UNITED STATES OF AMERICA, *
                    Plaintiff,      *  22-cr-299
 5                                  *  December 9, 2022
          vs.                       *  Washington, D.C.
 6                                  *  9:36 a.m.
          SHAWNDALE CHILCOAT,       *
 7        DONALD CHILCOAT,          *
                    Defendants.     *
 8        ***************************


 9

             TRANSCRIPT OF STATUS HEARING VIA VIDEOCONFERENCE
10          BEFORE THE HONORABLE JUDGE COLLEEN KOLLAR-KOTELLY
                      UNITED STATES DISTRICT JUDGE
11


12        FOR THE UNITED STATES:


13        MS. ASHLEY AKERS, ESQ. (Via Zoom)
          DOJ-CIV
14        Commercial Litigaton Branch
          1100 L Street Northwest
15        Washington, DC 20530
          202-353-0521
16
          FOR THE DEFENDANTS:
17

18        MS. MARIA JACOB, ESQ. (Via Zoom) (Donald Chilcoat)
          Federal Public Defender
19        625 Indiana Avenue NW
          Washington, DC 20004
20        202-208-7500


21        MR. NICHOLAS GEORGE MADIOU, ESQ. (Via Zoom) (Shawndale
                                                          Chilcoat)
22        Brennan McKenna & Lawlor
          6i305 Ivy Lane
23        Suite 700
          Greenbelt, MD 20770
24        301-474-0044


25        COURTROOM DEPUTY: MS. DOROTHY JONES-PATTERSON
</pre>

**CHERYL K. POWELL, CCR, RPR, FCRR**
Federal Official Court Reporter
155 St. Joseph Street
Mobile, AL 36602
251-690-3003/cheryl_powell@alsd.uscourts.gov

1       PRETRIAL SERVICES OFFICER: MS. BRITNEY DAHLKOETTER (Via
                                                teleconference)

2

3       COURT REPORTER: CHERYL K. POWELL, CCR, RPR, FCRR

4       Proceedings recorded by OFFICIAL COURT REPORTER, Qualified
        pursuant to 28 U.S.C. 753(a) & Guide to Judiciary Policies

5       and Procedures Vol. VI, Chapter III, D.2.  Transcript
                        produced by computerized stenotype.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          **P R O C E E D I N G S**

2          (In open court.  Defendants present via Zoom.)

3               THE COURT:  Good morning.  We have pretrial services

4     here.  I don't have a report.

08:36:08  5               COURTROOM DEPUTY:  Criminal Case 22-299, the United

6     States of America versus Shawndale Chilcoat and Donald

7     Chilcoat.

8               Counsel, would you please identify yourself for the

9     record, starting with the government?

08:36:21  10               MS. AKERS:  Good morning, Your Honor.  This is

11     Ashley Akers for the United States.

12               THE COURT:  All right.  Good morning.

13               MS. JACOB:  Good morning, Your Honor.  Maria Jacob

14     appearing on behalf of Mr. Chilcoat who is present via video.

08:36:36  15               THE COURT:  All right.  Does seem to me somebody

16     needs to -- oh.  Somebody needs to mute because we're having

17     problems.  Okay.  And --

18               MR. MADIOU:  Good morning, Your Honor.  Nicholas

19     Madiou on behalf of Ms. Chilcoat.

08:37:00  20               DEFENDANT SHAWNDALE CHILCOAT:  Not for me.

21               THE COURT:  Okay.  So you're the new attorney?

22               DEFENDANT SHAWNDALE CHILCOAT:  No.

23               MR. MADIOU:  Your Honor, my partner and I, Michael

24     Lawlor, was appointed.  We both entered our appearance I

08:37:11  25     believe on the 21st.

1          THE COURT:  I noticed that on my material.  I just

2     got this a few minutes ago.  Pretrial -- it appears there are

3     no infractions, so both of them are in compliance.  So let me

4     start.

08:37:52  5          Mr. Donald Chilcoat, are you willing to proceed by

6     video?

7          DEFENDANT SHAWNDALE CHILCOAT:  Your Honor, may I

8     speak, please?

9          THE COURT:  Sure.

08:38:01 10          DEFENDANT SHAWNDALE CHILCOAT:  This attorney is not

11     my attorney.  I do not want an attorney from the government.

12     I am my own attorney.  I have made this clear several times.

13          THE COURT:  Who is your attorney?

14          DEFENDANT SHAWNDALE CHILCOAT:  I am my attorney.

08:38:13 15          THE COURT:  This is not a government attorney.  This

16     is an attorney that is paid for by the government.

17          DEFENDANT SHAWNDALE CHILCOAT:  I do not care, ma'am.

18     I do not want anyone else involved in my case.

19          THE COURT:  Okay.  So who is your lawyer?

08:38:25 20          DEFENDANT SHAWNDALE CHILCOAT:  Ma'am, I object as a

21     people of Ohio --

22          THE COURT:  Ms. Chilcoat, listen to me.  Okay?  Who

23     is your lawyer?  Who do you want?

24          DEFENDANT SHAWNDALE CHILCOAT:  Me.

08:38:35 25          THE COURT:  Do you have a lawyer?

1      DEFENDANT SHAWNDALE CHILCOAT:  I am my lawyer,

2  ma'am.

3      THE COURT:  Oh.  You want to represent yourself is

4  what you're saying.

08:38:41  5      DEFENDANT SHAWNDALE CHILCOAT:  Yes.  I said that in

6  my November -- to the Court on November 4th, a certified

7  letter.

8      THE COURT:  Okay.  It was not crystal clear to me --

9  you appeared to be objecting to the appointments, but I

08:38:55  10  didn't realize that you had decided to represent yourself.

11  All right.  We'll do a separate proceeding relating to that.

12  At this point, I would still ask for counsel to remain just

13  in the background in terms of, if nothing else, advisory.

14      But let me move to Donald, which is the person I had

08:39:15  15  asked about.  Mr. Chilcoat, are you willing to proceed by

16  video?

17      DEFENDANT DONALD CHILCOAT:  Yes.

18      THE COURT:  Okay.  And you were last in court on

19  December 26.  Your pretrial report indicates that you are

08:39:35  20  compliant.  I did lift the order about home detention.  I did

21  leave location monitoring and the curfew.  So I granted part

22  of your motion in that particular case.

23      In terms of discovery, where are we with this in

24  terms of just Mr. Chilcoat?

08:39:58  25      MS. AKERS:  For Mr. Chilcoat, Your Honor, we have

1    produced all of the digital discovery, so we're up to date,

2    and most all of the individual discovery.  We have one small

3    production --

4            THE COURT:  Excuse me.  There is an echo in the

08:40:11  5    back.  Dorothy, who needs to --

6            COURTROOM DEPUTY:  I don't know where it's coming

7    from.  I don't know where it's coming from, Judge, because my

8    screen is blinking also.  So I don't know.

9            MR. MADIOU:  Your Honor, may I suggest that the

08:40:24 10    courtroom mute itself?  I think that might be the problem.

11            THE COURT:  I think where you have either the

12    seal -- that's probably where it should be muted.  It's not

13    muted at this point.  It's going to take us a minute to do

14    that.

08:40:40 15            COURTROOM DEPUTY:  I can't mute that screen because

16    the audio is coming from the sound system.

17            THE COURT:  Okay.  Well, we don't seem to have the

18    problem right now.

19            COURTROOM DEPUTY:  I don't know what's going on

08:40:56 20    right now.

21            THE COURT:  Okay.  Can we get somebody from IT to

22    come up?  We have a lot of cases in court and I want to make

23    sure there's not a problem.

24            Okay.  So in terms of the discovery, is there still

08:41:09 25    outstanding discovery or not?

1        MS. AKERS:  There's still a small production related
2   to the search warrant that was executed simultaneous to the
3   arrest, but other than that, a small production -- sorry.
4   I'm hearing myself echo.  Other than that small production,
08:41:26  5   we have produced all the digital discovery and individual
6   discovery for Mr. Chilcoat.
7        THE COURT:  All right.  Counsel, would you agree
8   with that?
9        MS. JACOB:  Your Honor, I think there might be some
08:41:45  10   more defense requests, as well, for additional discovery.
11   But I think that's --
12        COURTROOM DEPUTY:  Can I cut in for a minute?  Can I
13   just shut it down and restart it again?  Maybe that will
14   solve the problem.  It will take a minute.
08:41:58  15        THE COURT:  Okay.  So do you want us to get off and
16   start again or not?
17        COURTROOM DEPUTY:  Just -- yeah.  Just yeah.
18        THE COURT:  So hold on.  So are you asking everybody
19   to get off Zoom and then get back on?
08:42:13  20        COURTROOM DEPUTY:  Yeah.  I am going to end the
21   meeting and restart it and see if that will solve the
22   problem.
23        THE COURT:  All right.
24      (Short recess.)
08:44:08  25        COURTROOM DEPUTY:  Is that any better?

1          THE COURT:  Let's see if that works.  I didn't hear

2     anything in the background.  Maybe it is.

3          Okay.  So we're back to Mr. Donald Chilcoat.  In

4     terms of, Ms. Jacob -- in terms of discovery and direction of

08:44:30  5     the case, anything you wish to comment on?

6          MS. JACOB:  Yes, Your Honor.  The remaining

7     outstanding discovery requests should be able to be resolved

8     within the next 30 to 45 days.  And so what we would be

9     requesting is another status conference in that time frame

08:44:48  10     with a consent to exclude that time from the speedy trial

11     clock.  I believe we should be able to resolve those

12     outstanding discovery requests.

13          THE COURT:  Has there been any discussions about the

14     direction of the case or is that premature?

08:45:04  15          MS. JACOB:  Not at this time, Your Honor.

16          THE COURT:  And I take it the government hasn't

17     offered any pleas at this point.

18          MS. JACOB:  Not yet, Your Honor.

19          THE COURT:  Okay.  All right.  In terms of pretrial

08:45:24  20     for Ms. Shawndale Chilcoat, she is in compliance.  At this

21     point, Ms. Chilcoat, what I will do is I will set a separate

22     hearing to have an inquiry as to your representation of

23     yourself.  I need to -- I can't just accept it because you've

24     decided it.  I need to make an inquiry as to your

08:45:45  25     understanding of what your rights are and whether or not it's

1    appropriate for that to happen.

2           In the meantime, just as an advisor, okay, I will

3    leave in Mr. Madiou or Mr. Lawlor.  So if you have

4    questions -- hold on.  If you have questions about it, they

08:46:03  5    have the discovery.

6           Has the discovery been provided to Ms. Chilcoat?

7           MS. AKERS:  No, Your Honor.  We haven't provided any

8    discovery.  We don't really have a means to do so since we

9    provide it through USAfx typically and she doesn't have an

08:46:21 10    account.  We have reached out to her attorneys to get a

11    protective order on file.  But to my knowledge, she hasn't

12    signed one yet.

13           THE COURT:  Okay.  So at this point, if --

14    Ms. Chilcoat, if you want to move forward with it, you're

08:46:35 15    basically going to have to come up with a way for you to

16    receive the discovery which is the evidence against you which

17    I'm assuming you're interested in looking at.

18           DEFENDANT SHAWNDALE CHILCOAT:  Well, Your Honor,

19    before I go --

08:46:45 20           THE COURT:  My suggestion would be -- hold on.  My

21    suggestion would be that you at least use the lawyer as a

22    conduit to get the information if you don't have an account.

23           DEFENDANT SHAWNDALE CHILCOAT:  Your Honor, as one of

24    the people of Ohio, I object to the jurisdiction.

08:47:02 25           THE COURT:  Okay.  You can object to the

1  jurisdiction.  So as a practical matter, you've decided you

2  don't wish to have any of the discovery; is that correct?

3  You don't want to have any of the evidence?

4        DEFENDANT SHAWNDALE CHILCOAT:  No, ma'am.  What I'm

08:47:17  5  saying is I need for you to prove and put on documents on the

6  case, document on the case that you have jurisdiction over

7  the people in this case.

8        THE COURT:  All right.  So, counsel, do you wish to

9  file a motion on her behalf so we can resolve this issue?  It

08:47:35  10  is an issue that occasionally comes up, and I'm perfectly

11  willing to point out that I do have jurisdiction.

12        So if you want to have -- since -- you're not a

13  lawyer, so you'd have to set out your arguments as to why you

14  think I don't have jurisdiction here.

08:47:53  15        DEFENDANT SHAWNDALE CHILCOAT:  Sure.  I can do that

16  right now.

17        THE COURT:  My suggestion is that you use the lawyer

18  that's been appointed to at least file the motion on your

19  behalf.

08:48:00  20        DEFENDANT SHAWNDALE CHILCOAT:  No.  I do not want a

21  lawyer for anything.

22        THE COURT:  All right.  Then, Ms. Chilcoat, you file

23  the motion.

24        DEFENDANT SHAWNDALE CHILCOAT:  I will.

08:48:11  25        THE COURT:  Okay?  You file the motion about

1    jurisdiction.  And when can you get it in?

2            DEFENDANT SHAWNDALE CHILCOAT:  How long do I have?

3            THE COURT:  Well, the sooner the better we resolve

4    this.

08:48:20  5            DEFENDANT SHAWNDALE CHILCOAT:  Well, you tell me how

6    long I have, and I will do it by that time.

7            THE COURT:  Okay.  So since I'm in trial -- going to

8    be in trial, I would ask that you get it by next Friday.

9    Okay?  And you can ask the lawyer as to where you should send

08:48:36  10   it so you know how to send it to the Court.

11            If you will file your motion, once I get it, I will

12   rule on it.  And I will then set up a hearing relating to

13   your representing yourself because we do need to have a

14   hearing that makes a decision about that.  But I will wait

08:48:58  15   until after you file your objection about my jurisdiction.

16            So at this point, government just hang on to the

17   discovery and whatever else we have.

18            And anything else that needs to be brought up from

19   the government's perspective?

08:49:15  20            MS. AKERS:  Not at this time, Your Honor, thank you.

21            THE COURT:  Ms. Jacob?

22            MS. JACOB:  Your Honor, only one additional item.

23            THE COURT:  Sure.

24            MS. JACOB:  Mr. Chilcoat appreciates the Court

08:49:28  25   lifting the home detention condition.  He would like me to

1   respectfully ask the Court to, now that sometime has

2   passed -- to also lift the location monitoring given his

3   compliance and given the time that's passed.  He's asking if

4   the Court can consider also removing that condition.

08:49:47  5          THE COURT:  I will consider it.  I won't rule on it

6   today.  I will see what the reports look like.

7          MS. JACOB:  Thank you, Your Honor.

8          THE COURT:  All right.  Mr. Madiou, in terms of from

9   your perspective, is there anything you want to add?  I

08:49:59 10   realize I'm not having you withdraw until I make a decision

11   about Ms. Chilcoat and the jurisdiction of the Court as well

12   as whether she is in a position to represent herself or how

13   that's going to work.  So I would just ask that you be

14   available.

08:50:16 15       So if you want to know how to do things

16   procedurally, Ms. Chilcoat, so you get the motion in timely

17   and in the right place, I suggest you talk to the lawyer, you

18   know, basically as a resource to tell you where to send it so

19   that you don't have a problem in terms of getting it in.

08:50:37 20         DEFENDANT SHAWNDALE CHILCOAT:  The reason why I have

21   a problem having a lawyer involved in any way is I do not

22   want the Court communicating with the lawyer about me.

23         THE COURT:  I'm not communicating.  I'm not

24   communicating with the lawyer.  I'm suggesting you speak to

08:50:50 25   the lawyer to find out where to send your motion.  Okay?

1          DEFENDANT SHAWNDALE CHILCOAT:  Okay.

2          THE COURT:  So I'm not talking to him; you are.  My

3    suggestion is that you -- so -- at least at this point, I'm

4    not having him withdraw.  He is available to talk to you --

08:51:06  5    he is not talking to me; he's talking to you -- if you have

6    questions about procedurally until I have this hearing.  As

7    soon as you make your motion, I will make a ruling and set a

8    hearing.

9          In the meantime, we will set another status date.

08:51:21 10   So in terms of another status date, what are we looking at?

11   What time frame?

12          MS. AKERS:  Your Honor --

13          MS. JACOB:  Your Honor, I would propose anywhere

14   from 45 -- 30 to 45 days.

08:51:32 15          THE COURT:  Okay.  Give me a week that you're

16   interested in and I will look and see if I'm in trial.

17          MS. JACOB:  Yes, Your Honor.  How about the week of

18   February 6th?  I realize that's a little over, but given the

19   holidays, I think that works.

08:52:00 20          THE COURT:  Dorothy, do we have a trial starting on

21   the Sixth?  I had tentatively one, but I don't see it on the

22   calendar.  So maybe we moved it elsewhere.  The Hunter case

23   we moved someplace else.  Where did we move it to?

24          COURTROOM DEPUTY:  I'm not sure, Judge.  I don't

08:52:26 25   know which case you're referring to.

1          THE COURT:  Okay.  Hold on.  Let me double check.

2     I'm just going to mute for a minute and find out.

3          Okay.  We can do it February 6th.  The trial is

4     February 9th.  What's a good -- is everybody available on

08:54:18  5     February 6th?

6          MS. AKERS:  The government is.  Thank you.

7          THE COURT:  Ms. Jacob?

8          MS. JACOB:  Yes, Your Honor.

9          THE COURT:  All right.  Ms. Chilcoat, are you

08:54:27 10     available as well?

11          DEFENDANT SHAWNDALE CHILCOAT:  Yes.

12          THE COURT:  Okay.  And, Mr. Madiou, let me just make

13     sure that you're available, as well, in case I need you.

14          MR. MADIOU:  I am, Your Honor.  Is this going to be

08:54:40 15     virtual as well?

16          THE COURT:  Yes.  Yes.  It will be -- I will do it

17     by Zoom.

18          DEFENDANT SHAWNDALE CHILCOAT:  I am only available,

19     though, if the Court proves it has jurisdiction.

08:54:49 20          THE COURT:  Right.  I understand.

21          DEFENDANT SHAWNDALE CHILCOAT:  Because I do not

22     consent to any of this.

23          THE COURT:  All right.  In terms of a timing of it,

24     why don't we do it -- will 10:00 o'clock work?

08:55:06 25          MS. AKERS:  Yes, Your Honor.

1          MS. JACOB:  Sure.

2          MR. MADIOU:  Yes, ma'am.

3          MS. AKERS:  Yes, Your Honor.

4          THE COURT:  Okay.  All right.  So, Mr. Chilcoat, do

08:55:13   5   you remember your speedy trial rights?

6          DEFENDANT SHAWNDALE CHILCOAT:  Tell her you're

7   waiting for jurisdiction to be proven.

8          THE COURT:  Mr. --

9          DEFENDANT SHAWNDALE CHILCOAT:  Tell her that.

08:55:26  10          THE COURT:  Ms. Chilcoat, can I suggest that

11   Mr. Chilcoat speak for himself as to whether he does or does

12   not remember what they are?  And I believe we have waivers

13   before from him.

14          Mr. Chilcoat, do you remember -- all I'm asking is

08:55:44  15   if you remember your speedy trial rights.

16          DEFENDANT DONALD CHILCOAT:  I guess we're just

17   waiting to see jurisdiction.

18          THE COURT:  I haven't heard anything that suggests

19   that that's the case other than your wife.  So are you

08:55:59  20   raising an issue as well?

21          DEFENDANT DONALD CHILCOAT:  I would like to see it,

22   yes.

23          THE COURT:  Well, let me ask -- if I make a ruling,

24   it will be a ruling across the board because either I have

08:56:14  25   jurisdiction over these cases or I don't have jurisdiction

1   over these cases.  I can assure you I do.

2          I will go ahead and look at the motion.  Government

3   can respond quickly.  I would ask -- can you respond by

4   either Tuesday or Wednesday of the next week?

08:56:32  5          MS. AKERS:  Yes, Your Honor.

6          THE COURT:  Okay.  So by, say, the -- how about the

7   21st?  You can do it earlier than that if you want.

8          MS. AKERS:  Yeah.  Sure, Your Honor.  That works.

9          THE COURT:  Okay.  So I've simply asked you a

08:56:47  10  question.  Do you remember, Mr. Chilcoat, your speedy trial

11  rights?  Do you recall what they are?

12         DEFENDANT SHAWNDALE CHILCOAT:  She's asking you if

13  you're consenting to the speedy trial rights.

14         THE COURT:  I'm asking you if you remember what they

08:57:03  15  are.

16         DEFENDANT DONALD CHILCOAT:  I don't.

17         THE COURT:  You don't remember.  Okay.  So let me

18  explain to you.  In terms of -- the speedy trial rights are:

19  By statute, the case is to be tried within a certain period

08:57:17  20  of time.  And if it's not tried within that period, it can be

21  dismissed.  Speedy trial date at this point for you is

22  February 17th, 2023.  So the hearing we're setting next is

23  February 6, which is within that period of time.

24         So I'm asking you whether -- between now and when

08:57:41  25  you come back on February 6th, your attorney is going to be

1   getting discovery which she will share with you so that you

2   know what evidence the government has against you and you can

3   come up with a defense.  I will have ruled before

4   February 6th as to my jurisdiction.

08:58:00   5        So assuming that I rule that I have jurisdiction,

6   are you willing to cooperate with your lawyer in terms of

7   looking at the discovery that she's received or receiving so

8   that you can figure out what they have -- what evidence they

9   have against you and take the time from today,

08:58:26  10   February 9th -- December 9th until February 6th to review

11   that discovery?  Are you willing to do that?

12        DEFENDANT DONALD CHILCOAT:  As one of the people of

13   Ohio, I object to the jurisdiction.

14        THE COURT:  Okay.  That's not the question I asked

08:58:38  15   you.  The question I asked you was whether you're willing one

16   way or the other or you're taking no position as to whether

17   or not between now and when you come back on February 6th,

18   assuming the Court finds jurisdiction, which I do have but I

19   will wait to hear the motion and then put the ruling in

08:59:01  20   writing so that you have it -- in terms of reviewing the

21   discovery so that you're prepared for trial should the case

22   go forward.

23        DEFENDANT DONALD CHILCOAT:  We don't have everything

24   yet.  I have --

08:59:21  25        THE COURT:  I understand that.  That's why I'm

asking you if you want to take the time to get the evidence
to be able to look at it.  So you would do that between the
December 9th date and the February 6th date.  Are you
agreeing to that?

08:59:35          DEFENDANT DONALD CHILCOAT:  No.

          THE COURT:  All right.  I will find it is in the
interest of justice, the community, and the defendant,
although he has not agreed to it, to continue his speedy
trial rights since he does need to prepare for either a
08:59:49 disposition or a trial.

          And the Court will make a ruling on the
jurisdiction.  If I for some reason decide I don't,
obviously, it won't make any difference.  If I decide that I
do, then it does make a difference that he -- that his
09:00:02 counsel receive the discovery, has an opportunity to go over
it so Mr. Chilcoat knows what the charges are and what the
evidence is against him.

          So I think that that's it.  I think that in terms
of -- I believe, looking at the charges -- obstruction -- you
09:01:02 should just be aware in making some of these decisions that
one of the charges against you is a felony, Mr. Chilcoat and
Ms. Chilcoat.

          So I would suggest that you take all of this very
seriously in terms of preparing for your case after I make
09:01:19 the ruling about my jurisdiction.

1          All right.  There doesn't seem to be anything

2     further.  We will do this by video.  You will get a copy of

3     my order.

4          Dorothy, do we have addresses for these individuals?

09:01:35  5          COURTROOM DEPUTY:  I think I can get them from

6     pretrial services.

7          THE COURT:  Pretrial, do you have current addresses

8     for them?

9          PROBATION OFFICER:  Yes, Your Honor.  I can get them

09:01:44  10    to Ms. Dorothy.

11         THE COURT:  All right.  So to make sure that the --

12    my order is received by you, we will send separate copies of

13    the order for both Mr. Chilcoat and Ms. Chilcoat.

14         If there's nothing else, then the parties are

09:02:07  15    excused.  Thank you.

16         Is there anything pretrial wants to add at this

17    point?  I should ask.

18         COURTROOM DEPUTY:  Can the pretrial person stay on

19    the line just for a second?

09:02:17  20         PROBATION OFFICER:  Yes.

21         And no, Your Honor.  We defer to the Court.

22         DEFENDANT SHAWNDALE CHILCOAT:  Your Honor, I would

23    ask that any communication coming from the Court be -- come

24    to me, not to the attorney that's still on the case that I

09:02:30  25    did not want.

1          THE COURT:  I will send it -- we will be sending

2     you -- we will be sending you in writing anything that is set

3     up.  So --

4          DEFENDANT SHAWNDALE CHILCOAT:  No.  What I want --

09:02:40  5          THE COURT:  Just a minute.  The next hearing

6     dates -- you will get the ruling of the Court once you file

7     your motion.  The government needs to mail their response to

8     the Chilcoats to make sure that they have what your response

9     is to it before the Court makes a ruling.

09:03:02  10         In terms of any discovery, since you've decided you

11    don't want it until I decide your jurisdiction, we will hold

12    off on any discovery.

13         Those are likely to be the communications.

14         DEFENDANT SHAWNDALE CHILCOAT:  Well, I'm meaning any

09:03:18  15   emails, anything like that that comes from the Court needs to

16    come to my email; not to the lawyer and then to me.

17         THE COURT:  Well, you won't necessarily get emails.

18    You will get them in the mail.  Emails are not service.

19         DEFENDANT SHAWNDALE CHILCOAT:  Great.  Okay.

09:03:34  20         THE COURT:  Parties are excused.

21         DEFENDANT SHAWNDALE CHILCOAT:  Thank you.

22         (The Proceedings were concluded at approximately 10:04

23    a.m. on December 9, 2022.)

24

25

1

2                          <u>C E R T I F I C A T E</u>

3

4

5            I, the undersigned, hereby certify that the

6    foregoing pages contain a true and correct transcript of the

7    aforementioned proceedings as is hereinabove set out, as the

8    same was taken down by me in stenotype and later transcribed

9    utilizing computer-aided transcription.

10           This is the 1st day of February of 2024.

11

                        *Cheryl K Powell*

13    _____

14              Cheryl K. Powell, CCR, RPR, FCRR

15           Federal Certified Realtime Reporter

16

17

18

19

20

21

22

23

24

25