UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>SHAWNDALE CHILCOAT,<br><br>Defendants. | Criminal No.  22-cr-299 (CKK) |

**GOVERNMENT'S OPPOSITION TO THE DEFENDANT'S
MOTION FOR RELEASE FROM CUSTODY**

The United States, through undersigned counsel, files this response to defendant Shawndale Chilcoat's motion to modify bail conditions, ECF No. 151.  The United States strongly opposes the defendant's motion and respectfully urges the Court to deny the motion.

The Court is familiar with the background of this case, including the defendant's multiple failures to appear before this Court, refusal to communicate with the Pretrial Services Agency, refusal to communicate with her counsel, evasion efforts, and "flagrant noncompliance" with her conditions of pretrial release for over a month. *See United States v. Chilcoat*, 22-cr-299, 2014 WL 148967, at *7-8 (D.D.C. 2024). As the Court knows, after the Federal Bureau of Investigation apprehended the defendant more than a month after failing to appear at the first hearing, the defendant remained in custody for several months. *Id.* at *8. Then, over the government's objection, the Court granted the defendant's motion for release, providing that it was a "close question," but ultimately providing the defendant with a "second chance" to comply with pretrial release – but with more stringent release conditions, which include location monitoring, requiring wearing an ankle bracelet. *Id.*

The defendant now moves to modify her bail conditions by asking the Court to remove the

1

condition of location monitoring. ECF No. 151. In support of this request, the defense asserts that "Mrs. Chilcoat is not a flight risk" and she was compliant with her conditions "for nearly one year, from August 2022 to September 2023," and has "completely complied with her conditions of release since her January 18, 2024." *Id.* The defense contends that "the ankle monitor device causes [Shawndale Chilcoat] significant discomfort, regularly cuts her, and causes unnecessary swelling and discoloration in her ankle and foot." *Id.* She also argues that her ankle monitor is "redundant" and "unnecessary" because she is on house arrest. *Id.*

Because the defendant has not raised any novel issues that merit meaningful change of her release conditions, and the current conditions are the least restrictive conditions that will reasonably assure her appearance at court proceedings, the government asks that the conditions of release remain the same.

First, the defendant's argument that she is not a flight risk is belied by the facts of this case. Less than one year ago, the defendant did, in fact, fail to appear at several Court proceedings, fail to make contact with her attorneys, fail to make contact with pretrial services, fail to turn herself in, ignore a bench warrant and other Court orders delivered and signed for at her address, and continue to reside with, and evade the Court with, her co-defendant after he forcibly cut off his ankle monitor. *Id.* at 7. The defendant's only argument in support of her contention that she is "not a flight risk" is recent compliance with conditions of release. But that is insufficient. The defense not only ignores the "flagrant non-compliance" that ultimately led to the current conditions of release, which were imposed less than six months ago, but "compliance—even model compliance—with the Court's requirements is not enough to warrant adjustment of [the Defendant's] pretrial release conditions." *United States v. Henry*, 314 F. Supp. 3d 130, 133 (D.D.C. 2018). Indeed, eliminating a condition because it works as intended is contrary to common sense.

2

Second, the defendant argues that the ankle monitor is uncomfortable. Even if that were true, it does not warrant modification of release conditions. Indeed, potential discomfort is a reality of wearing an ankle monitor. If that were a sufficient basis to remove the condition, Pretrial Services would no longer have ankle monitoring as a tool of supervision in any case because this is not unique to Shawndale Chilcoat; as acknowledged by the D.C. Circuit, "wearing an ankle bracelet is sometimes uncomfortable and inconvenient." *United States v. Russell*, 45 F.4th 436, 440 (D.C. Cir. 2022). The defendant points to no authority that potential discomfort is a sufficient basis to remove conditions that this Court determined only six months ago were necessary to assure the defendant's appearance.

The defendant's actions led to the imposition of this condition of release and because there has been no change of conditions, the government respectfully urges the Court to deny the defendant's motion.

Respectfully Submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

*/s/ Ashley Akers*
ASHLEY AKERS
Trial Attorney (Detailed)
MO Bar No. 69601
Ashley.akers@usdoj.gov
(202) 353-0521