UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SHAWNDALE CHILCOAT,<br><br>Defendant. | Criminal Action No. 22-299-1 (CKK) |

**ORDER**
(July 15, 2024)

Pending before the Court is Defendant Shawndale Chilcoat (1)'s [151] Motion to Modify Conditions of Release. For the reasons that follow, the Court **DENIES** Defendant's [151] Motion.

Defendant asks the Court to remove the condition of electronic location monitoring equipment because it "causes her significant discomfort, regularly cuts her, and causes unnecessary swelling and discoloration in her ankle and foot." ECF No. 151 at 1. She also argues that it is "redundant and unnecessary because she is on house arrest." *Id.* Defendant continues that she is not a flight risk; she continues that she was in compliance with her conditions of release for nearly one year before being detained after a period of non-compliance, and that she has complied with her conditions of release since her release on January 18, 2024. *Id.*

The Government indicates that they "strongly oppose[]" the motion. ECF No. 152 at 1.[1] First, the Government explains that "the defendant's argument that she is not a flight risk is belied by the facts of this case." *Id.* at 2. As the Court set forth in great detail in its [96] Memorandum Opinion, Defendant committed numerous violations of her conditions of release, which ultimately gave rise to a bench warrant for her arrest and subsequent detention for over three months. *See* Mem. Op., ECF No. 96, at 5–8; 15–16. The Court ultimately granted Defendant Shawndale

---

[1] Pretrial Services Agency indicated that they would defer to the Court. ECF No. 151 at 2.

1

Chilcoat's motion for release and released her from detention subject to more stringent release conditions including home detention and location monitoring. *Id.* at 17. In so doing, the Court noted that Defendant's motion for release "presents a close question." *See id.* at 17. The Court maintains that the current conditions of release, including location monitoring, are necessary to ensure Defendant's future appearance in this case. Furthermore, case law is clear that "compliance—even model compliance—with the Court's requirements is not enough to warrant adjustment of [the Defendant's] pretrial release conditions." *United States v. Henry*, 314 F. Supp. 3d 130, 133 (D.D.C. 2018) (CKK).

Next, as the Government points out, the fact that Defendant's ankle monitor is uncomfortable does not warrant its removal. The United States Court of Appeals for the District of Columbia Circuit has acknowledged that "wearing an ankle bracelet is sometimes uncomfortable and inconvenient." *United States v. Russell*, 45 F.4th 436, 440 (D.C. Cir. 2022). Defendant Shawndale Chilcoat has not presented any authority indicating that this discomfort justifies a modification of release conditions. Nor does she present any authority justifying the removal of a "redundant" condition.

For the reasons explained above, it is hereby **ORDERED** that Defendant Shawndale Chilcoat's [151] Motion to Modify Conditions of Release is **DENIED**.

SO ORDERED.

/s/
**COLLEEN KOLLAR-KOTELLY**
United States District Judge