Shawndale Chilcoat. Sui Juris. ███████████████

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RECEIVED BY CHAMBERS**
8/27/24 LCCKK3

UNITED STATES OF AMERICA

v.                                                                    Case No.: 22-cr-299CKK

**Shawndale Chilcoat and Donald Chilcoat** Defendants.

**LEAVE TO FILE GRANTED**
8/27/24 See accompanying Order.

TO THE CLERK OF COURT IN THE ABOVE-NAMED COURT, COMES NOW the Defendant, Shawndale Chilcoat, sui juris, one of the lawful people of the Northwest Territory of Ohio, as established by the Northwest Ordinance of 1787. My husband, Donald Chilcoat, and I have been married for over 30 years and are of "one flesh," as stated in Genesis 2:24.

In accordance with proper legal procedure, I have included a Certificate of Service with every motion I have filed with this Court, and none has been returned to me. To ensure transparency and proper record-keeping, a Certificate of Receipt should be provided to confirm that the **MOTION TO REMOVE PRIVATELY PAID COUNSEL, ASSERT PRO SE REPRESENTATION, AND CHALLENGE THE SEALING OF THE CASE WITHOUT PROPER JUSTIFICATION EXECUTIVE ORDER 13526** was served upon the United States Attorney's Office for the District of Columbia and that it has been acknowledged.

*Shawndale Chilcoat*
Shawndale Chilcoat, sui juris

August 26, 2024
Date

1


Shawndale Chilcoat. Sui Juris. ███████████████████████

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**
v.                                                        Case No.: 22-cr-299CKK
**Shawndale Chilcoat and Donald Chilcoat** Defendants.

---

**MOTION TO REMOVE PRIVATELY PAID COUNSEL, ASSERT PRO SE REPRESENTATION, AND CHALLENGE THE SEALING OF THE CASE WITHOUT PROPER JUSTIFICATION EXECUTIVE ORDER 13526**

COMES NOW the Defendants, Shawndale Chilcoat and Donald Chilcoat, appearing pro se without waiving any challenge to the Court's subject matter jurisdiction, respectfully move this Honorable Court to remove Attorneys Joseph McBride and Brad Geyer from the case, recognize the Defendants' pro se status, and challenge the sealing of this case without proper justification. This motion is submitted without conceding jurisdiction, and the Defendants expressly reserve all rights to challenge the Court's jurisdiction at every stage of these proceedings. In support of this Motion, the Defendants state the following:

## 1. Pro Se Representation and Improper Retention of Attorneys McBride and Geyer

The Defendants have previously informed this Court that they terminated Attorneys Joseph McBride and Brad Geyer due to their ineffective assistance of counsel and harm to the defense. Despite this, the Court has chosen to keep both McBride and Geyer on the case in abeyance, without the Defendants' consent. This decision has impeded the Defendants' ability to effectively represent themselves and has created significant barriers to accessing case documents and filings.

Shawndale Chilcoat. Sui Juris. ███████████████

## 2. Coordinated Tactics to Deny Due Process and Service

Assistant U.S. Attorney Ashley Akers has failed to directly serve the Defendants with any filings or documents in this case over the past two years. By retaining McBride and Geyer on the case, the Court has effectively allowed the prosecution to bypass proper service requirements by relying on the attorneys' inaction. This coordinated tactic has resulted in the prosecution filing motions without providing the Defendants with proper notice or an opportunity to respond, in violation of their due process rights. The Defendants' pro se motions have gone unaddressed due to McBride's and Geyer's continued involvement, further obstructing the Defendants' access to justice.

## 3. Timing and Collusion

The Defendants assert that the timing of these actions reflects a coordinated effort to prevent them from responding to the prosecution's filings. The continued involvement of Attorneys McBride and Geyer has enabled the prosecution to advance its case without opposition, leaving the Defendants uninformed of critical developments.

The involvement of McBride and Geyer serves as a block that enables government attorney Ashley Akers to avoid directly serving the Defendants. All signs point to the fact that Akers is unable to properly serve the Defendants because the Department of Justice (DOJ) does not have jurisdiction over this case. By remaining on the case, McBride and Geyer effectively shield Akers from having to establish jurisdiction, allowing her to bypass proper service requirements and continue prosecuting the case without directly engaging the Defendants.

Shawndale Chilcoat. Sui Juris. ███████████████████████

The attorneys' suggestion that the Defendants file yet another motion to confirm their pro se status, even though the Defendants already filed a motion to the court that included they do not represent the Defendants, that "they find them injurious to their case" and "any acting that they may do on their behalf is acted without the Defendants informed consent" appears to be an attempt to create a record that absolves them of responsibility for their inaction, thereby allowing the prosecution to proceed, —just as all previous attorneys involved in this case have done since the beginning.

Furthermore, the Court has previously permitted Defendant Shawndale Chilcoat to file motions on her own behalf while she was represented by counsel, including Attorney Michael Lawlor, without it affecting his involvement in the case. This history of allowing pro se filings further underscores the Defendants' right to defend themselves in these proceedings. The Defendants challenge the legitimacy of these proceedings and maintain that the Court has not properly established jurisdiction over them or this matter, if the DOJ does not have jurisdiction, the court doesn't have jurisdiction. The Defendants reserve the right to defend themselves in this matter as pro se litigants and have not signed anything or consented to anything that would take that right away.

### 4. Executive Order 13526 Challenge to the Sealing of the Case

The Defendants recently became aware, via email, that the Court intends to seal this case on August 29, 2024. The Defendants challenge this action on the grounds that there has been no justification provided that would warrant sealing the case. It is the Defendants' understanding, based on the executive orders and relevant law, that cases may only be sealed when national

4

Shawndale Chilcoat. Sui Juris.

security is at stake and that a specific reason must be provided. The Defendants are unaware of any national security concerns related to this case and in over two years have not been provided any discovery in this case, not from the government attorney or defense attorneys. The Defendants request that the Court provide a clear explanation for the decision to seal the proceedings.

**Executive Order 13526, Section 1.7** of the order, information can only remain classified if its release would cause damage to national security. It is explicitly prohibited to classify or seal information to conceal violations of law, avoid embarrassment, or delay the release of information that does not truly require protection.

Further, any information that is classified must be accompanied by a clear reason justifying its classification, and information cannot remain classified indefinitely without review. The court is required to explain the basis for sealing this case under these rules.

The Defendants argue that unless there are legitimate national security concerns tied to specific classified information, as outlined in **Executive Order 13526**, there is no legal basis for sealing the case. The Defendants request the court to provide a clear explanation for the sealing. Is this case linked to national security concerns? If so, the Defendants request details those concerns in accordance with the executive order.

## 5. Request for Proper Notice, Resubmission of Motions, and Notification Failures

The Defendants have recently discovered that the prosecution has filed motions that have been pending for five to six days without their knowledge or receipt. This delay in notification has

5

Shawndale Chilcoat. Sui Juris.

effectively set back the clock on the Defendants' ability to respond. Despite being in communication with Attorneys Joseph McBride and Brad Geyer during this period, neither attorney informed the Defendants of the government's filings. This failure further underscores the ongoing issue of the Defendants being kept uninformed about critical developments in the case.

The Defendants are prepared to respond to the government's motions as soon as they are properly served. However, any further damage caused by McBride's and Geyer's inaction will only compound the harm already done. The continued involvement of these attorneys has led to significant delays and confusion. The Defendants request that Ashley Akers, if she is acting legally and within the bounds of proper jurisdiction, serve them directly when filing motions, as the Defendants have done with her since July 2023. If she is permitted, she should reciprocate in kind. The Defendants respectfully request that any motions filed by the prosecution that have not been properly served to them be re-served according to proper procedures, specifically Ohio Rule 4.3, if and only if proper jurisdiction has been established.

## 6. Unnecessary In-Person Hearing on August 29, 2024

There is no need for the in-person hearing scheduled for Thursday, August 29, 2024. The Defendants have made it abundantly clear that their position on Joseph McBride and Brad Geyer will not change. Both attorneys have demonstrated themselves to be not only ineffective but also injurious to the Defendants' defense. The Defendants would feel more secure with a viper as defense counsel than to continue with these attorneys' representation. Forcing the Defendants to

Shawndale Chilcoat. Sui Juris.

travel to Washington, D.C., only to be placed in an awkward and untenable position regarding attorneys they fired weeks ago, is unnecessary and serves no legitimate purpose.

The Defendants further note that McBride's and Geyer's previous filings are so unproductive and futile to their case that they could easily be presented as exhibits in support of this motion.

However, due to potential time constraints and the Defendants' lack of knowledge about the trial schedule, they are filing this motion immediately to ensure these critical issues are addressed without further delay.

## 7. Subject Matter Jurisdiction

The Defendants have continuously challenged the Court's subject matter jurisdiction and reiterate that jurisdiction has not been established in this case. This motion is filed without waiving any objections to jurisdiction, and the Defendants reserve all rights to challenge jurisdiction at any stage. The Court must address this issue before proceeding further, as it directly impacts the validity of all actions taken to date.

## Relief Requested

The Defendants respectfully request that this Court:

A. Immediately remove Attorneys Joseph McBride and Brad Geyer from the case and formally recognize the Defendants' pro se status without waiving any challenges to subject matter jurisdiction;

B. Address the due process violations resulting from the prosecution's failure to serve the

Shawndale Chilcoat. Sui Juris. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Defendants over the past two years;

C. Cancel the August 29, 2024, in-person hearing and stay all proceedings until these issues are resolved and subject matter jurisdiction is properly established;

D. Provide a clear explanation and justification for the decision to seal the case, particularly in light of the Defendants' understanding that only matters of national security warrant sealing a case, and the Defendants are aware of no national security concerns in this matter;

E. Provide any further relief that this Court deems just and proper, without waiving any objections to jurisdiction.

Respectfully submitted,

*Shawndale Chilcoat*  
Shawndale Chilcoat, sui juris

August 26, 2024  
Date

Shawndale Chilcoat, Sui Juris, 

Date: August 26, 2024

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**
**Plaintiff,** v.
**Shawndale Chilcoat and Donald Chilcoat, Defendant's**

**Case No. 22-cr-299CKK**

---

## CERTIFICATE OF RECEIPT

We, Shawndale Chilcoat and Donald Chilcoat, hereby certify that:

On **August 26, 2024**, a true and correct copy of the **MOTION TO REMOVE PRIVATELY PAID COUNSEL, ASSERT PRO SE REPRESENTATION, AND CHALLENGE THE SEALING OF THE CASE WITHOUT PROPER JUSTIFICATION EXECUTIVE ORDER 13526** was served electronically via email to the D.C. intake system at dcd_intake@dcd.uscourts.gov.

On **August 27, 2024**, a true and correct copy of the same motion was sent via certified mail to the following parties:

**United States Attorney's Office**

**Attn: Civil Process Clerk**

601 D Street NW

Washington, D.C. 20530

**Ashley Akers**

**Assistant United States Attorney**

United States Attorney's Office

9

Shawndale Chilcoat. Sui Juris. 3528 Bunker Hill Rd. Celina. Ohio. 45822. 567-644-3313. shawnchil04@gmail.com

601 D Street NW

Washington, D.C. 20530

Further, we request that a Certificate of Receipt be provided to confirm that this motion has been received and acknowledged by the United States Attorney's Office for the District of Columbia and the government attorney representing the plaintiff in this case.

Respectfully submitted,

*Shawndale Chilcoat*

Shawndale Chilcoat, sui juris

August 26, 2024

Date