UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SHAWNDALE CHILCOAT and DONALD CHILCOAT,<br><br>Defendants. | Criminal Action No. 22-299 (CKK) |

**ORDER**
(August 27, 2024)

On August 27, 2024, the Court received a request from Defendant Shawndale Chilcoat for leave to file, *pro se*, a [165] "Motion to Remove Privately Paid Counsel, Assert *Pro Se* Representation, and Challenge the Sealing of the Case" (the "Motion" or "Mot."). The Court granted leave to file and now **DENIES IN PART** and **HOLDS IN ABEYANCE IN PART** Defendant Mrs. Chilcoat's Motion.

As it stands, Mrs. Chilcoat is represented by counsel. *See* Order, ECF No. 135. And as a general matter, this Court "need not consider motions filed *pro se* while the movant is represented by counsel." *Pinson v. U.S. Dep't of Just.*, 273 F. Supp. 3d 1, 15 (D.D.C. 2017) (RC); *see also McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984) (holding that "*Faretta* does not require a trial judge to permit 'hybrid' representation" with both represented and *pro se* features in a criminal trial). But in light of her counsel's [158] Joint Motion to Withdraw,[1] the apparent lack of communication between Mrs. Chilcoat and her counsel, *see* Minute Order, Aug. 19, 2024, and the content of Mrs. Chilcoat's latest [165] Motion, the Court has made an exception and now considers Mrs. Chilcoat's motion.

---

[1] The Court held defense counsel's motion in abeyance pending the upcoming status hearing on August 29, 2024, at which time the Court "can determine the status of Defense Counsel's representation of both Defendants and Defendants' intended course of action moving forward." Minute Order, Aug. 19, 2024.

The [165] Motion raises several issues of concern to Mrs. Chilcoat and requests four forms of interrelated relief. The Court addresses each in turn.

First, Mrs. Chilcoat requests that the Court "[i]mmediately remove" her attorneys from the case and allow her to proceed with her defense *pro se*. Mot., ECF No. 165 at 7. But as Mrs. Chilcoat knows from experience, the Court cannot do so immediately. *See* Minute Order, Jan. 18, 2023 (ordering Mrs. Chilcoat "to appear for a *Faretta* hearing" following a motion to withdraw).[2] A criminal defendant may "elect to represent himself," but "that right 'is not absolute.'" *United States v. Wright*, 922 F.3d 183, 188 (D.C. Cir. 2019) (quoting *Indiana v. Edwards*, 554 U.S. 164, 171 (2008)). Before proceeding *pro se*, Mrs. Chilcoat must "demonstrate the competence required to waive the right to counsel," and the Court must conduct a colloquy with Mrs. Chilcoat to ensure her waiver is "knowing, intelligent, and voluntary." *Id.*; *see also Godinez v. Moran*, 509 U.S. 389 (1993); *Faretta v. California*, 422 U.S. 806 (1975). Neither precondition has yet occurred. Accordingly, the Court **DENIES** Mrs. Chilcoat's request to immediately remove her attorneys. Mrs. Chilcoat should be prepared to discuss her intent and competence to waive her right to counsel at the upcoming status hearing.

Second, Mrs. Chilcoat requests that the Court "[a]ddress" perceived procedural deficiencies in the Government's prosecution of this matter. Mot., ECF No. 165 at 7–8. Specifically, Mrs. Chilcoat takes issue with the fact that the Government has been serving her attorneys rather than "directly serv[ing] her." *Id.* at 3. As a result, Mrs. Chilcoat argues her ability to respond to now-pending Government motions has been impeded. *Id.* at 5–6. Whether and how Mrs. Chilcoat will defend herself *pro se*, the appropriate briefing schedule for any now-pending motions by the Government, and the status of the twenty pending requests for leave to file various

---

[2] Ultimately, no *Faretta* colloquy occurred because the Court later received representations "that [Mrs. Chilcoat] no longer want[ed] to proceed *pro se*." Minute Order, February 2, 2023.

other pretrial motions by Mrs. Chilcoat will be subjects for discussion at the upcoming status hearing on August 29, 2024.  *See* Minute Order, Aug. 23, 2024.  For that reason, the Court **HOLDS IN ABEYANCE** Mrs. Chilcoat's requests on this issue until the upcoming status hearing.

Third, Mrs. Chilcoat requests that the Court "[c]ancel the August 29, 2024, in-person hearing and stay all proceedings" until her other requests are resolved and "subject-matter jurisdiction is properly established."  Mot., ECF No. 165 at 8.  As an initial matter, the Court has already established that it has subject-matter jurisdiction over this case.  *See* Order, ECF No. 43; Mem. Op., ECF No. 44 at 7–8.  Moreover, the Court has repeatedly stressed the practical necessity of the upcoming status hearing.  *See* Minute Order, Aug. 19, 2024; Order, ECF No. 163 at 2; Minute Order, Aug. 23, 2024.  And as this Order makes clear, many of the issues Mrs. Chilcoat raises in her instant Motion can—and will—be addressed at that hearing.  Accordingly, the Court **DENIES** Mrs. Chilcoat's request that the Court cancel the upcoming hearing.

Finally, Mrs. Chilcoat requests that the Court "provide a clear justification and explanation for the decision to seal the case."  Mot., ECF No. 165 at 5.  This request appears to stem from a misunderstanding of the Court's [163] Order denying Mrs. Chilcoat's earlier [162] Motion for Virtual Hearing Accommodation.  *See id.* at 4–5 (articulating Mrs. Chilcoat's "understanding, based on the executive orders and relevant law, that cases may only be sealed when national security is at stake").  Therein, the Court explained that "it anticipates that, given the sensitive nature of the attorney-client issues to be discussed, portions of the [upcoming status] hearing will need to be conducted *ex parte* and on a sealed record."  Order, ECF No. 163 at 2.  That is, the Court anticipates that it may need to exclude the Government and the public from portions of the status hearing to protect Mrs. Chilcoat's attorney-client privilege and the confidentiality of her communications with her attorneys.  The Court did not "deci[de] to seal the proceedings" as a

whole on the basis of "national security concerns" or any Executive Order as Mrs. Chilcoat suggests. *See* Mot., ECF No. 165 at 4–5. If Mrs. Chilcoat would prefer not to avail herself of the opportunity to exclude the Government and the public from conversations with her attorneys, she may revisit the issue at the upcoming hearing. *See United States v. Rodriguez*, No. 23-cr-392, 2024 WL 1513473, at *1 (D.D.C. Apr. 8, 2024) (JEB) ("The responsibility for protecting the attorney-client privilege lies with the holder . . . ."). The Court thus **HOLDS IN ABEYANCE** Mrs. Chilcoat's requests on this issue until the upcoming status hearing.

Accordingly, Defendant Shawndale Chilcoat's [165] Motion is **DENIED IN PART** and **HELD IN ABEYANCE IN PART**.

The Clerk of Court is respectfully directed to send a copy of this Order to Defendant Shawndale Chilcoat's and Defendant Donald Chilcoat's address of record by overnight mail. In an abundance of caution, and in light of the time-sensitivity of some of Mrs. Chilcoat's requests, the Court will also arrange for a courtesy copy of this Order to be delivered via email.

**SO ORDERED**.

Date: August 27, 2024

/s/
**COLLEEN KOLLAR-KOTELLY**
United States District Judge