UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 22-cr-299-CKK |
| v. : | |
| : | |
| SHAWNDALE CHILCOAT, and : | |
| DONALD CHILCOAT, : | |
| : | |
| Defendants. : | |

**JOINT STATUS REPORT REGARDING STATUS OF DISCOVERY,
PLEA NEGOTIATIONS, AND DEFENDANT DONALD CHILCOAT'S
<u>HEALTH AND ABILITY TO TRAVEL</u>**

Pursuant to the Court's minute order of August 29, 2024, and the discussions at the status hearing held on the same date, the parties jointly submit this status report updating the Court on the defendants' access to discovery materials, the status of plea negotiations, and defendant Donald Chilcoat's health and ability to travel for the in-person status hearing to be held on September 12, 2024, at 1:00 p.m. in Courtroom 28A.

    **I.**    **Status of Discovery**

Throughout these proceedings, the defendants have been represented by various defense counsel. Currently, the defendants are represented by attorneys McBride and Geyer. Mr. McBride entered his appearance on April 15, 2024 (ECF No. 127); Mr. Geyer moved to appear *pro hac vice* on May 8, 2024 (ECF No. 140), and the Court granted his motion the next day (Minute Order dated May 9, 2024). The government had produced extensive discovery to the defendants' prior attorneys and, on May 21, 2024, the government re-produced to Messrs. McBride and Geyer all discovery. This discovery was voluminous, containing more than 1,500 files and more than 18 gigabytes of data. The government also made available to defense counsel the

1

"global" discovery database for January 6 matters.[1] Between May 21, 2024, and the status hearing on August 29, 2024, the government did not make additional discovery productions to defense counsel.

At the hearing on August 29, 2024, the Court ordered the government to provide discovery related to Count Eight, the Failure to Appear charge. The colloquy between the Court and Mr. Chilcoat, during this hearing, appeared to focus on statements related to some proof of signature for a mailing. It appears that Mr. Chilcoat was either contesting, or asking to see, proof that he signed a receipt for a FedEx package containing an order that he was to appear in person for a status hearing on October 5, 2023.

To address the Court's questions about discovery, it will help to summarize the procedural background at issue. In Count Eight, the defendants are charged with their failure to appear for a status hearing on October 5, 2023. In brief, after the Court converted the September 5, 2024 status hearing from a virtual to an in-person hearing, the defendants failed to appear in person and failed to sign in to the virtual hearing link. The Court issued a bench warrant for both defendants but held it in abeyance for 48 hours and ordered the defendants to appear for a status hearing on October 5, 2023. To ensure that the defendants were advised of the October 5, 2023, hearing date, the Court sent them, overnight via FedEx, an order dated September 8, 2023 (ECF No. 73). The Court discussed this FedEx shipment on the record at the October 5, 2023 hearing; its minute order, dated October 5, 2023, notes that "FedEx tracking records indicate that these orders were set to both Defendants on September 8, 2023 and signed for by Donald Chilcoat on September 12, 2023."

---

[1] Having represented other defendants charged with criminal offenses arising out of the events of January 6, 2021, Messrs. McBride and Geyer had access to this database before entering their appearance in this case.

After the August 29, 2024 hearing, the government notified defense counsel that it did not presently possess proof of these signatures beyond the Court's statements about them. The government also provided defense counsel with the following documents related to the charges in Count Eight: transcripts of hearings dated July 28, 2023; September 5, 2023; and October 5, 2023 and Pretrial Services Reports dated October 4, 2023 (for each defendant) and October 6, 2023 (for Donald Chilcoat). The government notified defense counsel that, should it receive additional discoverable materials as it prepares to trial, it will promptly provide them.

II.     **Plea Negotiations**

On August 29, 2024, the government re-opened the plea offer which had previously been provided to the defendants. The terms were as follows: if the defendants Count Three, which charges a violation of 18 U.S.C. § 1752(a)(2), Count Four, which charges a violation of 40 U.S.C. § 5104(e)(2)(A), and Count Eight, which charges a felony violation of 18 U.S.C. § 3146(a)(1), the government will agree to dismiss the remaining counts of the Superseding Indictment. Following additional discussions and upon request of defense counsel, the government agreed to keep this offer open until September 6, 2024 (Friday). The government notified defense counsel that, given the proximity to trial, the impending briefing deadlines, and the fact that the government has begun trial preparation, this offer will not be extended again after September 6.

III.    **Defendant Donald Chilcoat's Health and Ability to Travel**

It is Defense Counsel's understanding that Donald Chilcoat continues to suffer from chronic high blood pressure, which, as of late, is potentially life-threatening. We hope to provide the Court with an update regarding his condition soon. We hope that with proper medication, he will be fit to travel.

Attorneys McBride and Geyer have consistently complied with protective orders in their January 6 cases and understand that a protective order also applies here. McBride and Geyer also understand that Mr. and Mrs. Chilcoat have proceeded to this juncture without formally signing the protective order.  This has made sharing discovery subject to the protective order impossible. Given the unique circumstances of this situation, the Defense respectfully requests the Court's guidance.

The Government made a supplemental disclosure on Thursday regarding the issues that arose during the last hearing. Attorney Brad Geyer discussed the provided supplemental materials with Mr. and Mrs. Chilcoat and forwarded them a copy because they were not subjected to the protective order.

Lastly, the plea deal offered by the Government in this case expires this Friday, September 6, 2024.  There have been meaningful, substantive discussions with Mr. and Mrs. Chilcoat about whether they intend to accept or reject said offer.  It is the Defense's understanding, as of September 5, 2024, that neither Mr. nor Mrs. Chilcoat is inclined to accept the offer.  Defense Counsel will update the Court by 5:00 PM tomorrow, September 5, 2024, on whether the Government's plea offer will be accepted or rejected.  If the Government's offer is rejected, Undersigned Counsel will renew their Joint Motion to be relieved in this matter.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By: /s/ Michael J. Romano
Michael J. Romano
Deputy Chief, Capitol Siege Section
IL Bar No. 6293658
michael.romano2@usdoj.gov
(202) 252-7154

/s/ Ashley Akers
ASHLEY AKERS
Trial Attorney (Detailed)
MO Bar No. 69601
Ashley.akers@usdoj.gov
(202) 353-0521

/s/ Joseph D. McBride, Esq.
99 Park Avenue
8th Floor
New Nork, NY 10016
p: (917) 757-9537
e: jmcbride@mcbridelawnyc.com

/s/ Bradford L. Geyer
FormerFedsGroup.com, LLC
141 I Route 130 South
Suite 303
Cinnaminson, NJ 08077
E: Brad@FormerFedsGroup.com

5