**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| UNITED STATES OF AMERICA |
| v. |
| SHAWNDALE CHILCOAT and DONALD CHILCOAT, |
| Defendants. |

Criminal Action No. 22-299 (CKK)

**ORDER**
(September 23, 2024)

The Court held a status hearing in this matter on September 20, 2024. Defendants Shawndale Chilcoat (1) and Donald Chilcoat (2), Defense Counsel, the Government, and a court reporter were present in person.

**A. Background**

At the last status hearing on September 12, 2024, the Government informed the Court that it intended to move for a protective order. *See* Minute Order, Sept. 12, 2024. And the Court discussed the terms of the Government's proposed protective order with Defendants. *See id.* The Court also reviewed the terms of the Government's plea offer with Defendants, and Defendants informed the Court that they intended to accept that offer. *See id.* Accordingly, the Court ordered "the Government and Defense Counsel to ensure that both Defendants have access to the discovery materials necessary to facilitate their continued review of the plea agreement." *Id.* And the Court ordered the parties to submit plea paperwork to the Court on September 19 and appear for a plea hearing on September 20. *Id.*

On September 12, the Government filed an Unopposed Motion for Protective Order indicating—consistent with Defendants' representations at the last status hearing—that "Defendants do not oppose" entry of the protective order. ECF No. 176 at 1. The next day, the

Court granted the Government's motion, finding the Protective Order was necessary to "expedite the flow of discovery material between the parties and adequately protect the United States' legitimate interests" in the nondisclosure of material subject to the order.  ECF No. 177 at 1.

The Court did not receive plea paperwork from the parties on September 19 as ordered. And Defense Counsel informed the Court via email that Defendants had changed their minds and intended to reject the Government's plea offer.  On September 20, shortly before the hearing was scheduled to begin, the Court received three requests for leave to file motions and a letter from Defendants.  Those communications confirmed Defendants' intent to reject the plea offer.

**B. The September 20, 2024 Status Hearing**

***The Protective Order.***  At the hearing, the Court reviewed the Protective Order with the parties.  The Court explained to Defendants that the Protective Order—which the Court had already entered—does not prevent them from viewing or using discovery in their defense.  By its terms, the Protective Order does "not limit either party in the use of the materials in judicial proceedings in this case."  ECF No. 177 at 3.  It merely restricts the dissemination of certain designated materials to third parties and establishes procedures so Defendants can access those materials with the assistance of counsel.  *Id.* at 2–4.

Although the Government's motion for a protective order was unopposed, Defendant Shawndale Chilcoat expressed concern about the Protective Order's scope.  The Court provided Mrs. Chilcoat time to review the Protective Order so she could articulate her objections.  Later, Mrs. Chilcoat explained that she felt the Government might apply the Protective Order to materials that do not warrant a "Sensitive" or "Highly Sensitive" designation.  The Court reminded Mrs. Chilcoat that it had already entered the Protective Order, that the Court did so because it determined the Protective Order's terms were appropriate under the circumstances, and that Mrs.

Chilcoat's consent was not necessary to that determination.  The Court further explained that the Protective Order includes a dispute-resolution clause that would allow Mrs. Chilcoat to bring any specific instance of over-designation to the Court's attention.  *See* ECF No. 177 at 4.

**The Plea Offer.**  The Court reviewed the terms of the plea offer the Government presented at the last status hearing.  The Government informed the Court that the terms of that offer had not changed in the interim.  And, on inquiry from the Court, both Defendants represented that they understood the terms of the Government's offer, had reviewed the offer with their counsel, and decided to reject the offer and proceed to trial.

During this discussion, Defendants suggested they had not had an opportunity to review discovery before deciding whether to accept the plea offer.  But the Government explained that Defense Counsel—in their various iterations—have been in possession of all extant discovery for over a year and that, following entry of the Protective Order, the Government had forwarded those materials to Defense Counsel again on September 16.  Defense Counsel confirmed that account and reported that they had sent all discovery not subject to the Protective Order's access-limitations to Defendants on September 17.  Rough at 15:11–14.[1]  Defense Counsel further explained that they had attempted to arrange for Defendants to view discovery subject to the Protective Order's access-limitations the same day and that Defendants did not respond and otherwise refused to meet with them.  *Id.* at 15:14–17.

The Court reminded Defendants of the gravity of their situation and that the reason for continuing a plea colloquy from September 12 to September 20 was to give them an opportunity to review discovery with their counsel.  Rough at 8:12–9:12.  When the Court asked Defendant Donald Chilcoat whether he had reviewed the discovery his counsel has provided, he reported that

---

[1] Citations are to the rough draft of the transcript for the afternoon portion of the September 20, 2024 hearing.

he had not done so.  *Id.* at 7:11–12, 8:9–11.  Similarly, Defendant Shawndale Chilcoat reported that she had reviewed some of the discovery but chose not to review more because "we know what we did."  *Id.* at 12:21–22.  Neither Defendant disputed that they had refused to engage with Defense Counsel to review discovery subject to the Protective Order's access-limitations.  Ultimately, Defendants explained that the reason they intended to reject the plea offer was that it would require their pleading guilty to a felony charge and "that kind of made the decision for us."  *Id.* at 12:3–6.  The Government reported that it had reopened its plea offer six times in this matter and would not do so again.  *Id.* at 20:21–22.

**Leave to File Requests.**  Since early August 2024, the Court has received from Defendants thirty-three *pro se* requests for leave to file assorted pretrial motions arguing, in effect, that their prosecution is unlawful and that the entire case against them must be dismissed.  Most of those requests have come from Mrs. Chilcoat alone, though Mr. Chilcoat has joined some of them.  The Court has either granted or denied leave to file five of those motions.  *See* ECF Nos. 160, 161, 162, 165, 173.  The Court addressed with Defendants the status of the remaining twenty-eight requests.

Because parsing the largely overlapping arguments in Defendants' requests would be inefficient, the Court proposed allowing Defendants to file one consolidated motion that advances all arguments Defendants muster for disposing of the case in its entirety.  Rough at 26:8–22.  Arguments related to specific counts of the indictment or other pretrial issues will be addressed by separate motion.  Both Defendants agreed to orally withdraw their pending requests for leave to file.  *Id.* at 31:21–32:14.  And the Court ordered Defendants to file their consolidated, joint pretrial dispositive motion by October 18, 2024, the Government to respond by November 1, and Defendants to reply by November 8.

**Defendants and Defense Counsel.**  In August, Defense Counsel Joseph McBride and

Bradford Geyer moved for permission to withdraw as counsel. ECF No. 158. The principal bases for their motion are Defendants' insistence on filing pretrial dispositive motions sounding in sovereign-citizen legal theories and occasional refusal to communicate with them. *Id.* at 1–2.

At times since then, the attorney-client relationship appeared salvageable. *See* Minute Order, Aug. 29, 2024 ("Defense Counsel and Defendant represented that they would confer further regarding outstanding issues."); Minute Order, Sept. 12, 2024 (holding the Motion to Withdraw in abeyance so Defendants and Defense Counsel could review the Government's plea offer). But Defendants' unwillingness to communicate with Defense Counsel has continued to be an issue. *See* Rough at 15:14–17. And both Defendants have expressed to the Court that they are unwilling or unable to proceed with Defense Counsel moving forward. *See, e.g.*, *id.* at 27:3–9.

Defendants reported that they are actively seeking new counsel and have meetings scheduled with prospective counsel this week. *See* Rough at 16:20–18:19. But this is not Defendants' first time swapping counsel, and the Court will not grant an open-ended period for Defendants to find new attorneys. If Defendants cannot secure new counsel by October 4, 2024, the Court will appoint counsel to facilitate access to discovery covered by the Protective Order. If new counsel does not enter an appearance by October 18, 2024, the Court will appoint counsel to represent Defendants at trial. Until then, the Court will hold in abeyance Defense Counsel McBride and Geyer's Motion to Withdraw so that Defendants are not left unrepresented.

***Other Matters.*** The Government orally moved for a speedy trial and expressed its position that the Defendants should stand trial as soon as possible. Rough at 35:16–36:10. The Court recognizes the Government's legitimate concerns about Defendants' dilatory behavior in this matter. But proceeding to trial on the present schedule is untenable. Accordingly, the Court vacates the present trial date and orders the parties to appear for a status hearing on October 25, 2024.

Finally, the Court discussed with Defendants their Speedy Trial rights. Defendants consented to the exclusion of their Speedy Trial time between September 20, 2024 and October 25, 2024—the date of the next status hearing. In the interests of justice, that time shall be excluded from the computation of time under the Speedy Trial Act. The Court calculates Defendant Shawndale Chilcoat's 70-day deadline is December 17, 2024 and Defendant Donald Chilcoat's 70-day deadline is January 3, 2025.

## C. Order

In light of the foregoing, it is hereby:

**ORDERED** that Defendants Shawndale Chilcoat's and Donald Chilcoat's oral motions to withdraw all pending requests for leave to file are **GRANTED**;

**ORDERED** that Defendants Shawndale Chilcoat and Donald Chilcoat file one consolidated dispositive pretrial motion on or before **OCTOBER 18, 2024**, that the Government respond by **NOVEMBER 1, 2024**, and that Defendants reply by **NOVEMBER 8, 2024**;

**ORDERED** that Defense Counsel's [158] Motion to Withdraw is **HELD IN ABEYANCE** until Defendants secure new counsel or new counsel is appointed by the Court;

**ORDERED** that Defendant Shawndale Chilcoat, Defendant Donald Chilcoat, the Government, and Defense Counsel appear in person for a status hearing in Courtroom 28A at **1:00 PM ET on OCTOBER 25, 2024**;

**ORDERED** that the October 4, 2024 trial date in this matter is **VACATED**.

**SO ORDERED**.

Date: September 23, 2024

_____/s/_____

**COLLEEN KOLLAR-KOTELLY**
United States District Judge