IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO: 1:22-CR-00299 |
| Plaintiff, | : | |
| -vs- | : | |
| SHAWNDALE CHILCOAT and DONALD CHILCOAT, | : | |
| Defendants. | : | |

**<u>UNOPPOSED MOTION TO CONTINUE BRIEFING DEADLINES</u>**

Defendants Shawndale and Donald Chilcoat, through counsel, respectfully move this Honorable Court to continue the deadline to respond to the Government's Status Report Regarding the Impact of *United States v. Fischer*, 144 S.Ct. 2176 (2024) (Doc. 159). That deadline is currently scheduled for November 15, 2024. The defendants seek a new deadline of December 16, 2024. Assistant United States Attorney Ashley Akers does not oppose this motion.

There are two reasons for the requested extension. First, defense counsel entered an appearance on October 30, 2024. (Doc. 220 and 221). The Federal Public Defender for the Northern District of Ohio has been appointed to represent both Donald and Shawndale Chilcoat. This Court previously conducted an inquiry under Rule 44(c) and found that "[Shawndale and Donald Chilcoat] have each provided knowingly, intelligently, and voluntary consent to joint representation by *Attorney McBride*." (Doc. 136, Page 5, emphasis added). The Court found "there are not apparent actual or potential conflicts that would prejudice one, or both, Defendants." (*Id*.). At that hearing, both defendants had independent counsel, and went through a waiver with their hired counsel (McBride). Additionally, "Attorney McBride indicated that both Defendants signed waivers on April 17, 2024." (*Id.*). Edward Bryan and Matthew Gay of the Federal Public Defender

for the Northern District of Ohio now seek to represent the defendants. Mr. Bryan is an attorney licensed in Ohio and Mr. Gay is licensed in New York. They are governed by independent state ethics requirements.

Start first with the law. The potential pitfalls of joint representation are "inherent." *Campbell v. United States*, 352 F.2d 359, 361 (D.C. Cir. 1965) ("Considerations of efficient judicial administration as well as important rights of defendants are served when the trial judge makes the affirmative determination that codefendants have intelligently chosen to be represent by the same attorney and that their decision was not governed by poverty and lack of information on the availability of assigned counsel.")  A defendant's "counsel-of-choice right may sometimes be trumped by a conflict of interest" because "where a defendant's chosen counsel suffers from a conflict of interest . . . the court's own institutional interests" are at risk. *United States v. Lopesierra-Guiterrez*, 708 F.3d 193, 199-200 (D.C. Cir. 2013). In addition to the institutional risks, there are independent ethical implications in joint representation of criminal defendants. Ohio Rule 1.8 requires that a lawyer representing multiple clients to obtain informed consent in writing from each client before participating in an agreement, settlement, or plea agreement. Ohio Prof. Cond. R. 1.8(g). And New York's ethics rule allows representation only when the "representation is not prohibited by law, the representation does not involve one client asserting claims against another in the same litigation, and each affected client gives informed consent in writing" NY CLS Rules Prof. Cond. R. 1.7.

These rules suggest that, consistent with their own ethical obligations, Mr. Gay and Mr. Bryan must conduct an independent evaluation as to the potential conflicts of a joint representation agreement, advise the defendants of such, and if the defendants seek to pursue a joint representation agreement, obtain a signed waiver of the conflict independent of this Court's

previous inquiry.[1] To do so, Mr. Gay and Mr. Bryan must review discovery and meet with the defendants. This cannot be accomplished in the short time before the pending due date, especially because the Government has yet to provide discovery.

Second, the Government's Status Report suggests, "*Fischer* does not bar this prosecution" and "*Fischer* will require an updated jury instruction regarding the elements of a violation of 1512(c)(2). . ." (Doc 159, Page 1). The Government argues "an assessment of the defendants' conduct, and of the government's proof, will require a trial on the merits" because "the text of Count One mirrors the statutory language defining the offense." (*Id* at 4) The motion goes on to argue specific facts that in the Government's view "demonstrate[] an intent to invade and occupy the Capitol building and to stop the certification of the electoral college vote. And, critically they [the Chilcoats] were aware that this proceeding involved records, documents, and other things. . ." (*Id* at 6). Because the Government "understands that the Court wants to have confidence that the facts here give rise to a triable case." (*Id* at 5). Defense counsel has not been provided discovery. Thus, defense counsel cannot meaningfully respond to anything in the Government's allegations to rebut their suggestion that "the facts here give rise to a triable case."

For these reasons, Mr. and Mrs. Chilcoat respectfully requests that the Court grant this motion.

---

[1] At least one state's ethical rules memorialize a situation where "unanticipated circumstance[s] arise during the course of a multi-client representation" and require the lawyer to "obtain or renew consent to the joint representation." Miss. Ethics and Prof. Resp. R. 1-15.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

*/s/Edward G. Bryan*
EDWARD G. BRYAN
Assistant Federal Public Defender
Ohio Bar: 0055556

*/s/Matthew Gay*
MATTHEW GAY
Assistant Federal Public Defender
NY Bar No: 5237409
1660 West Second Street, Suite #750
Cleveland, OH 44113
(216) 522-4856 Fax: (216)522-4321
E-mail: Edward_Bryan@fd.org
         Matthew_Gay@fd.org