UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 22-cr-299-CKK |
| v. : | |
| : | |
| SHAWNDALE CHILCOAT, and : | |
| DONALD CHILCOAT, : | |
| : | |
| Defendants. : | |

### UNITED STATES' MOTION *IN LIMINE* TO PRECLUDE IMPROPER DEFENSE ARGUMENTS AND EVIDENCE ABOUT LAW ENFORCEMENT

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby requests that the Court issue an order precluding the defendants from any of the following: (1) arguing any entrapment by estoppel defense related to then-President Trump or to law enforcement; (2) offering evidence or argument concerning any claim that by allegedly failing to act, law enforcement made the defendant's entry into the United States Capitol building or grounds or their conduct therein lawful; and (3) arguing or presenting evidence of alleged action (or inaction) by law enforcement unless the defendants specifically observed or was otherwise aware of such conduct.

**1. This Court Should Preclude the Defendants from Arguing Entrapment by Estoppel**

The defendants should be prohibited from making arguments or attempting to introduce evidence that then-President Trump or law enforcement gave permission to the defendants to enter the U.S. Capitol. As then-Chief Judge Howell explained in another January 6-related case:

> To win an entrapment-by-estoppel claim, a defendant criminally prosecuted for an offense must prove (1) that a government agent *actively* misled him about the state of the law defining the offense; (2) that the government agent was responsible for interpreting, administering, or enforcing the law defining the offense; (3) that the defendant actually relied on the agent's misleading pronouncement in committing the offense; and (4) that the defendant's reliance was reasonable in light of the identity of the agent, the point of law misrepresented, and the substance of the misrepresentation.

*United States v. Chrestman*, 525 F. Supp. 3d 14, 31 (D.D.C. 2021) (emphasis added) (quoting *United States v. Cox*, 906 F.3d 1170, 1191 (10th Cir. 2018)).

In *Chrestman*, Chief Judge Howell rejected an entrapment by estoppel argument raised by a January 6 defendant whose charges included violations of 18 U.S.C. §§ 1512(c)(2), 1752(a)(1) and (b)(1)(A) and 1752(a)(2) and (b)(1)(A). As Chief Judge Howell explained in *Chrestman*, "*Cox* unambiguously forecloses the availability of the defense in cases where a government actor's statements constitute 'a waiver of law' beyond his or her lawful authority." *Chrestman*, 525 F. Supp. 3d at 32 (quoting *Cox v. Louisiana*, 379 U.S. 559, 569 (1965)).

Here, the defendants argue both that then-President Trump and law enforcement officers gave them permission the Capitol building. Neither argument is sound, and the Court should reject both of them. This Court should join Judge Howell in concluding that "no President may unilaterally abrogate criminal laws duly enacted by Congress as they apply to a subgroup of his most vehement supporters." *Chrestman*, 525 F. Supp. 3d at 32. And the reasoning in *Chrestman* applies equally to the defendants' argument that member of law enforcement gave them permission to enter the Capitol building. Indeed, no member of law enforcement could use his authority to allow individuals to enter the Capitol building during a violent riot. *See Cox*, 379 U.S. at 569 (explaining that no Chief of Police could sanction "murder[ ] or robbery"). In a more recent January 6 case, Chief Judge Howell expressly found that "the logic in *Chrestman* that a U.S. President cannot unilaterally abrogate statutory law applies with equal force to government actors in less powerful offices, such as law enforcement officers protecting the U.S. Capitol Building." Memorandum and Order, *United States v. Williams*, No. 21-cr-377 (BAH), at *2 (D.D.C. June 8, 2022); *accord United States v. Gutierrez-Gonzalez*, 184 F.3d 1160, 1168-69 (10th Cir. 1999) (defendant's belief about being legally in the United States was not reasonable despite an INS clerk failing to arrest defendant "on the spot" when he illegally reentered the country);

2

Memorandum and Order, *United States v. Mels*, No. 21-cr-184 (BAH), at *2 n.1 (D.D.C. July 21, 2022) (same).

This Court has followed the same course and ordered that a January 6 defendant would be precluded from arguing any entrapment by estoppel defense related to law enforcement. *United States v. Grider*, 2022 WL 3030974, Case No. 21-022 (CKK) (D.D.C. August 1, 2022). It should reach the same conclusion here and prohibit the defendants from arguing that their conduct was lawful because law enforcement allegedly told them it was.

2. **This Court Should Preclude the Defendants from Arguing That Alleged Inaction by Law Enforcement Officers Made Their Conduct on January 6, 2021, Legal**

In addition to prohibiting any defense arguments that law enforcement immunized the defendant's conduct by actively communicating to them that entering the Capitol building or grounds was lawful, the Court should also bar the defendants from arguing that any failure to act by law enforcement rendered their conduct legal. As Judge Howell ruled in *Williams* and *Mels*, "[s]ettled caselaw makes clear that law officer inaction—whatever the reason for the inaction—cannot sanction unlawful conduct." *Williams*, No. 21-cr-377 (BAH), at *3 (citing *Cox*, 379 U.S. at 569–70); *Gutierrez-Gonzalez*, 184 F.3d at 1168; *Garcia v. Does*, 779 F.3d 84, 95 (2d Cir. 2015) (en banc) (declining to extend the entrapment by estoppel defense to a case involving he location and movements of protestors who argued that their prosecuted conduct had been implicitly approved by the police, but could not show that it was "affirmatively authorized" by the police)); *see also Mels*, No. 21-cr-184 (BAH), at *2 n.1 (same); Minute Order, *Muntzer*, No. 21-cr-105 (JMC) (Jan. 18, 2024) (granting United States' motion *in limine* making the same argument as the one made here). The same reasoning applies here. Accordingly, the defendants should also be prohibited from arguing that their conduct was lawful because law enforcement officers allegedly failed to prevent it or censure it when it occurred.

3. **This Court Should Preclude the Defendants from Arguing or Presenting Evidence of Alleged Action (or Inaction) by Law Enforcement Officers Unless the Defendants Specifically Observed or Were Otherwise Aware of Such Conduct**

The government acknowledges that the conduct of law enforcement officers may be relevant to the defendants' state of minds on January 6, 2021. However, unless the defendants each shows that, at the relevant time, they specifically observed or was otherwise aware of some alleged action (or inaction) by law enforcement, such evidence is irrelevant to each defendant's intent. Federal Rule of Evidence 401 states that evidence is relevant if it "has any tendency to make a fact more or less probable . . . and the fact is of consequence in determining the action." Fed. R. Evid. 401. Here, if the defendants were not aware of law enforcement's alleged inaction at the time of their entry onto restricted grounds or into the Capitol building (or at the time they committed the other offenses charged in the Superseding Indictment), any alleged inaction would have no bearing on the defendants' state of minds and therefore would not meet the threshold for relevance.

Again, *Williams* and *Mels* chart the proper course, Judge Howell's orders in those cases explained, "[a]s a logical matter, . . . any action or inaction of which defendant was not aware cannot possibly have had any effect on his state-of-mind and is inadmissible as irrelevant under Federal Rule of Evidence 401." *Williams*, No. 21-cr-377 (BAH), at *3–4; *Mels*, No. 21-cr-184 (BAH), at *2–3 (same). That "basic proposition" is unassailable. *Williams*, No. 21-cr-377 (BAH), at *4; *Mels*, No. 21-cr-184 (BAH), at *3 (same). This Court should adopt it in this case and rule that "evidence of law enforcement [action or] inaction is admissible only if [the] defendant[s] can establish [their] awareness of the alleged inaction by officers"—either by way of "a good faith proffer outside the presence of the jury" or by "using other evidence" already before the jury. *Mels*, No. 21-cr-184 (BAH), at *3; *see also Williams*, No. 21-cr-377 (BAH), at *4.

## CONCLUSION

For the reasons set forth herein, the United States respectfully requests that this Court preclude improper argument or evidence related to entrapment by estoppel, that law enforcement's alleged action (or inaction) rendered the defendants' actions lawful, any evidence or argument relating to alleged action (or inaction) by law enforcement except to the extent that the defendants specifically observed or was otherwise aware of such conduct at the relevant time.

Dated: November 15, 2024.

                        Respectfully submitted,

                        MATTHEW M. GRAVES
                        United States Attorney
                        D.C. Bar No. 481052

By:          */s/ Michael J. Romano*
               Michael J. Romano
               Deputy Chief, Capitol Siege Section
               IL Bar No. 6293658
               michael.romano2@usdoj.gov
               (202) 252-7154

               */s/ Ashley Akers*
               ASHLEY AKERS
               Senior Trial Counsel (Detailed)
               MO Bar No. 69601
               Ashley.akers@usdoj.gov
               (202) 353-0521